UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
LIOR AVNI, REAL PARTY IN INTEREST,
BY HIS FATHER, DOV K. AVNI, ALSO ACTING
HERE INDIVIDUALLY, PRO-SE,

                                                         MEMORANDUM OPINION
                                         Plaintiff,                          and ORDER

                              -against-                                   CV 05-5346 (JS) (ETB)

PILGRIM PSYCHIATRIC CENTER, et al.,

                                         Defendant.
----------------------------------------------------------------------X

       By motion, dated May 9, 2006, the pro se plaintiffs, Lior Avni and his father Dov K. Avni, request an order from the District Judge, Joanna Seybert, vacating an order issued by me sua sponte at the initial conference in this action staying all discovery, pending the outcome of dispositive motions by the defendants, Pilgrim Psychiatric Center and numerous personnel employed at that facility, all of whom are represented by the Attorney General of the State of New York, and by defendant, Howard Kirschen, M.D., represented by private counsel, Ivone, Devine & Jensen.

       By that same motion, the pro se plaintiffs are also "suggesting [my] recusal for cause shown." Affidavit of Dov K. Avni, identified as "plaintiff's fact witness" (and father of the pro se plaintiff, Lior Avni, "real party in interest"), in support of motion at ¶ 3, and action caption. Because this is the first time that my recusal is raised by the plaintiffs in this action, I have construed that portion of the motion "suggesting recusal" as a request made to me since the plaintiffs are proceeding pro se. The grounds appear to be twofold: (1) "demeaning remarks made by Magistrate E.T. Boyle to affiant during the initial . . . scheduling conference on Friday,

-1-

4/28/06," id. at ¶ 3, and (2) knowledge or familiarity with a witness, one Stephen T. Boyle ("[a]fter Magistrate Boyle saw Stephen T. Boyle listed as witness he stayed all discovery on 4/28/06."). Id. at ¶ 4(g).

This is a civil rights action, filed pursuant to 42 U.S.C. § 1983, initiated by the pro se plaintiffs, who assert claims alleging violations of due process, fraud and conspiracy in violation of the Fifth and Fourteenth Amendments, arising out of the involuntary commitment of the pro se plaintiff, Lior Avni, the son of the co-plaintiff, Dov K. Avni.

The action arises from the arrest and subsequent prosecution and commitment of Lior Avni in Nassau County in 1998. Lior Avni was charged with felony charges of criminal mischief and reckless endangerment after firing a .22 caliber rifle at the car of a neighbor, whom Lior Avni believed to be someone who wanted to kill him. The criminal action terminated with a plea of not responsible by reason of a mental disease or defect. Following the plea, pursuant to NYCPL § 330.20, Lior Avni was evaluated and found to be suffering from a dangerous mental disorder and discharged subject to certain conditions, including that he remain under the care and treatment of his then-private psychiatrist, the named defendant herein, Howard Kirschen, M.D., and on the further condition that he maintain his prescription antipsychotic medication and attend an outpatient-treatment program directed by the defendant, N.Y.S. Office of Mental Health.

Following a relapse in which he reportedly became delusional and fantasized using a knife against family members, he was involuntarily admitted to Pilgrim State Hospital, where he remained for a period of eight to nine months. This involuntary commitment appears to be the basis for this action.

Litigation ensued in the state court with respect to whether Lior Avni should be retained as an involuntary patient. The father, Dov K. Avni, attempted to intervene as attorney-in-fact for his son. When that was unsuccessful, the father brought an action in the New York State Supreme Court, Nassau County, as alleged assignee of his son, Lior Avni, asserting claims of false imprisonment, medical malpractice, breach of fiduciary duty and fraud. This action also was dismissed on the basis of lack of standing. Not content with that result, Dov Avni brought still another action in the same state court. That, too, was dismissed. More recently, reportedly, Dov Avni has commenced an action in the New York State Court of Claims.

Action was commenced in this court on November 14, 2005. The private defendant, Howard Kirschen, filed a motion to dismiss on January 27, 2006. The State defendants filed their motions to dismiss on February 10, 2006. The pro se plaintiffs filed opposing papers to the Kirschen motion on February 14, 2006, and opposition to the State's motion appears to have been filed by plaintiffs on April 26, 2006, although it is unclear from the docket sheet. The issues raised by defendants in their motions to dismiss are some of the issues discussed at the initial conference which gave rise to the request for recusal.

## DISCUSSION

Knowledge gained from a judge's discharge of his judicial function is not a ground for disqualification under 28 U.S.C. § 455(b)(1). Katsaros v. Cody, 744 F.2d 270, 283 (2d Cir. 1984). See also Omega Engineering, Inc. v. Omega, S.A., 432 F.3d 437 (2d Cir. 2005).

At the initial conference there was an extended discussion by the parties of the facts and issues involved in this action. That was followed by remarks by the undersigned addressing the substantial legal issues involved in this action, including whether the district court could sit to

review the prior state judicial decisions consistent with the Rooker-Feldman Doctrine and the applicability of the Eleventh Amendment, as well as the issue of standing by the pro se plaintiff, Dov K. Avni, who appears to be the driving force behind all of this litigation and the scrivener. There were also comments made by me addressed to the father noting that the law did not authorize a parent, who is not an attorney, to represent his son in this action.

These and other issues were discussed at the initial conference. While the pro se plaintiffs may not agree with the views expressed by the court, they do not reflect any bias or prejudice and do not warrant recusal. The substantial issues raised by the pending motions are the basis for the sua sponte order staying discovery on April 28, 2006, pending the outcome of the motions.

The pro se plaintiff, Dov Avni, also states that it was only after I learned of Stephen T. Boyle as a witness that I sua sponte stayed all discovery. I do not know any such person. I never saw a witness list in this action or otherwise saw this name in any of the materials in this action, although it may be somewhere in the voluminous filings made by the pro se plaintiffs. I have no friends or relatives by that name. Accordingly, any involvement in this action by Stephen T. Boyle is no grounds for recusal.

For the foregoing reasons, I deny the request of the pro se plaintiff, Dov K. Avni, that I recuse myself in this action.

SO ORDERED:

Dated: Central Islip, New York
      June 1, 2006

                              /s/ E. Thomas Boyle
                              E. THOMAS BOYLE
                              United States Magistrate Judge